# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br>CDCR #K-17549,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>G. SINKLIER, Correctional Officer;<br>EMMOTO, Sergeant,<br><br>　　　　　　　　　　Defendants. | Case No. 17-cv-00307-BAS-PCL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2)**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

　　Plaintiff Darren Vincent Ford, proceeding pro se, is currently incarcerated at California State Prison – Sacramento ("CSP-SAC") in Represa, California, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

　　Plaintiff alleges Correctional Officer G. Sinklier violated his Eighth and Fourteenth Amendment rights while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in December 2015, and January 2016, by searching his cell, destroying his property, threatening him with rape, and exposing his criminal history as a sex offender in

1

1 the presence of his fellow inmates in retaliation for Plaintiff having filed inmate grievances against Officer Sinklier. (ECF No. 1 at 3-4.) Plaintiff further claims to have repeatedly reported Officer Sinklier's threats and actions to Sergeant Emmoto, but Sergeant Emmoto allegedly acted with "deliberate indifference" to Plaintiff's plight and did "nothing about it." (*Id.* at 4.)[1]

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I.  IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.

---

[1] Plaintiff also includes "Mr. Daniel Paramo, Warden," as a Defendant in the caption to his Complaint (ECF No. 1 at 1), but he has crossed out all other references to Paramo in the body of his pleading and has written "N/A" under Paramo's name. (*Id.* at 2, 5.) Moreover, Plaintiff includes no factual allegations related to Paramo in his Complaint, and he states no plausible claim for relief against the Warden. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the Court presumes Paramo is not an intended party.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

*See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted certified copies of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report showing his trust account activity at the time of filing. *See* ECF No. 2 at 4-7; 28 U.S.C. § 1915(a)(2); Civ. L.R. 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff owes more than $10,000 in restitution and fines, but has had no monthly deposits to his account, has carried no balance over the six month period preceding the filing of his Complaint, and had an available balance of zero at CSP-SAC as of January 12, 2017 (ECF No. 2 at 6). That said, Plaintiff may proceed IFP notwithstanding his inability to pay the initial portion of the filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

//

Therefore, the Court grants Plaintiff's Motion to Proceed IFP, declines to exact any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief

[is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

The Court finds the allegations in Plaintiff's Complaint are sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). "California's . . . prisoners may be murderers, rapists, drug dealers, and child molesters, but California is responsible for protecting even those sorts of people from murder by other prisoners. Indeed, the Eighth Amendment requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'" *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] ... to protect prisoners from violence at the hands of other prisoners.")); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (holding labeling prisoner a "snitch" in the presence of other inmates is sufficient to state a claim of deliberate indifference to an inmate's safety); *Crane v. Gonzales*, No. CV-F-03-6339 OWW WMW P, 2008 WL 2168927, at *2 (E.D. Cal. May 23, 2008) (concluding calling a prisoner a "child molester" in the presence of fellow inmates stated an Eighth Amendment claim), *report and recommendation adopted at* 2008 WL 2676780 (E.D. Cal. June 30, 2008). Further, an allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under § 1983. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (enumerating elements for First Amendment retaliation claim); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). Thus, the Court concludes Plaintiff's claim that Officer Sinklier violated his constitutional rights by destroying his property and exposing his criminal history as a sex offender in front of other inmates in retaliation for Plaintiff filing inmate grievances against him is sufficient to survive screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court similarly concludes Plaintiff's claim that Sergeant Emmoto violated his

constitutional rights by acting with deliberate indifference to Plaintiff's plight and his repeated reports of Officer Sinklier's threats and misconduct is sufficient to survive screening.

Therefore, the Court will direct the U.S. Marshal to effect service of summons and Plaintiff's Complaint upon Defendants Sinklier and Emmoto on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**III.    Conclusion and Order**

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). **All payments must be clearly identified by the name and number assigned to this action**;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Sinklier and Emmoto. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Sinklier and Emmoto as directed by Plaintiff on the USM Form 285s

6

17cv0307

provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

6. **ORDERS** Defendants Sinklier and Emmoto, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (indicating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that the plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants Sinklier and Emmoto, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

**DATED: April 19, 2017**

**Hon. Cynthia Bashant**
**United States District Judge**