UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>G. SINKLIER, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-00307-BAS-PCL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL, DENYING MOTION FOR SANCTIONS, AND GRANTING MOTION TO MODIFY SCHEDULING ORDER**<br><br>**[Docs. 33, 41]** |

## **I. INTRODUCTION**

Before the Court now is Defendants' motion to compel Plaintiff's deposition and for sanctions resulting in Plaintiff's refusal to attend his properly noticed deposition on February 13, 2018, and Defendants' motion to modify the scheduling order. (Docs. 33, 41.) Defendants moved *ex parte* for the Court's leave to take Plaintiff's deposition. (Doc. 28.) The Court granted this request. (Doc. 30.) The day after the Court's granting this request, Plaintiff was served with notice of his deposition, to be held on February 13, 2018, at 9:30 a.m. via video conference. (Doc. 33-3 at 4-6.)

On February 13, 2018, however, when Plaintiff was approached by a correctional officer to be escorted to the deposition, Plaintiff refused. (Doc. 33-1 at 2.) Plaintiff, in a later document filed with the Court, stated he was under the impression a public defender

1

would be representing him at the deposition. (Doc. 37 at 1.) Without such representation, Plaintiff refused to attend the deposition. (*Id*.) Defendants note that Plaintiff stated at the time of the attempted escort that Plaintiff was refusing to attend the deposition because his counsel had not been noticed and therefore would not be attending. (Doc. 33-1 at 2.) Plaintiff later conceded his belief that the public defender would represent him was misinformed. (Doc. 37.)

## II. MOTION TO COMPEL

From the filing of his complaint to the present, Plaintiff has been proceeding in this matter *pro se*. (*See*, *e.g.*, Doc. 1.) In doing so, Plaintiff undertook his own representation and was not to rely upon any other person to represent him in this case. *See Davis v. Colvin*, 2014 U.S. Dist. LEXIS 198312 at *11 (N.D. Cal. Feb. 18, 2014). Because Plaintiff was proceeding *pro se*, his purported reasoning for not attending his deposition – that his counsel had not been noticed – was improper. In fact, Plaintiff was his own counsel, and certainly Plaintiff had been noticed of his own deposition. (See Doc. 33-3 at 4-6.)

To proceed with this action, Plaintiff must cooperate in discovery, including being deposed. Thus, the factors of timeliness, good cause, utility, and materiality weigh in favor of granting Defendants' motion to compel Plaintiff's deposition. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); Fed. R. Civ. P. 37(a)(3)(B)(i), 37 (d)(1)(A)(i). Therefore, Defendants' motion to compel Plaintiff's deposition is GRANTED.

## III. MOTION FOR SANCTIONS

Defendants' further moved for sanctions in the amount of $635.00, the cost of attempting to take Plaintiff's deposition. (Doc. 33-1 at 3-4.) Defendants seek only these monetary sanctions in their motion. Plaintiff, however, is an indigent prisoner, who is proceeding in this case *in forma pauperis* as a result of his indigent status. (Doc. 3 at 4.)

The payment of expenses incurred by the party seeking discovery, here the Defendants attempting to take Plaintiff's deposition, is enumerated as a specific sanction

available. Fed. R. Civ. P. 37 (a)(5). However, a court "must not order" this particular sanction if there are circumstances which make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Because Plaintiff is an indigent prisoner, proceeding *in forma pauperis*, the Court finds an imposition of this type of monetary sanction would be unjust because Plaintiff would not be able to pay the sanction amount. *See Diaz v. Fox*, 2017 U.S. Dist. LEXIS 186382 at *31 (E.D. Cal. Nov. 9, 2017) ("In light of [plaintiff's] status as an incarcerated plaintiff proceeding *pro se* and *in forma pauperis*, the court declines to award [monetary] sanctions at this time.") Given Plaintiff's inability to pay any imposed monetary sanction, the Court **DENIES** Defendants' motion for such sanction.

## IV. MOTION TO MODIFY SCHEDULING ORDER

Finally, on March 23, 2018, Defendants' brought a motion to modify the scheduling order based on Plaintiff's refusal to participate in his deposition. (Doc. 41.) Therein, Defendants request the deadline to depose Plaintiff be extended to June 15, 2018, and the motion deadline be extended to July 15, 2018. (*Id.* at 2.) Defendants base this motion upon defense counsel's schedule which now conflicts with imminent discovery in this case as Plaintiff refused to attend his deposition. (Doc. 41-1 at 2.) However, Defendants contend they will continue to go forward with the settlement conference currently scheduled for April 16, 2018. (*Id.*) Good cause appearing, the Court **GRANTS** this motion to so modify the scheduling order.

## V. CONCLUSION

The Court hereby **GRANTS** Defendants' motion to compel Plaintiff's deposition, and Defendants' subsequent motion to modify the scheduling order. Accordingly, Plaintiff is ordered to attend and participate in a properly noticed deposition held before the extended deadline of June 15, 2018. However, because Plaintiff is an indigent prisoner, the Court hereby **DENIES** Defendants' motion for monetary sanctions.

//
//
//

1 **IT IS SO ORDERED.**

Dated: March 29, 2018

Hon. Peter C. Lewis
United States Magistrate Judge